UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRELL AUSTIN,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW CUOMO, Governor of the State of New York; and ANTHONY ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision, in their Official capacities; JOSEPH NOETH, AS SUPERINTENDENT OF ATTICA CORRECTIONAL FACILITY in his Official and, Individual Capacity, New York State Department of Parole Bureau Chief THOMAS DEGAL, former, NYS Senior Officer ANDREW AMATO, and NYS Parole Officers BRIAN BAILEY, COREY RICCA, and OFC. MILLER—in their individual and official capacities,<br>    Defendants. | Case No. 1:20-cv-00893 |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**
(Doc. 9, 10)

Plaintiff Derrell Austin brings this action pursuant to 42 U.S.C. § 1983 against Defendants Andrew Cuomo, Governor of the State of New York ("NYS") and Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, in their official capacities, and Joseph Noeth, Superintendent of Attica Correctional Facility, Thomas Degal[1], New York State Department Parole Bureau Chief, Andrew Amato, former NYS Senior Officer, and Brian Bailey, Corey Ricca, and Officer Miller, parole officers, in their individual and official capacities (collectively "Defendants").

---

[1] In Plaintiff's reply to Defendants' motion to dismiss, Plaintiff consents to the dismissal of any and all claims against Defendants Noeth and Degal.

Plaintiff alleges violations of his procedural and substantive due process rights as well as violations of the First Amendment and Ex Post Facto Clause of the United States Constitution relating to his designation as a sex offender under New York's Sex Offender Registration Act ("SORA") and the attending parole conditions imposed upon him.

Pending before the court is Plaintiff's September 10, 2020 motion for a preliminary injunction seeking his release from prison and further requesting the court to strike his designation as a sex offender and certain parole conditions. On September 18, 2020 Defendants opposed the motion and moved to dismiss Plaintiff's Amended Complaint. On October 31, 2020, Plaintiff opposed the motion to dismiss and Defendants replied on November 16, 2020 at which time the court took the pending motions under advisement. The parties have waived an evidentiary hearing.

Plaintiff is represented by Matthew A. Albert, Esq. Defendants are represented by Assistant Attorney General Joel J. Terragnoli.

## I.     Defendants' Motion to Dismiss.

The court addresses Defendants' motion to dismiss first as it may obviate the need to resolve Plaintiff's request for preliminary injunctive relief. *See Grocery Mfrs. Ass'n v. Sorrell*, 102 F. Supp. 3d 583, 593 (D. Vt. 2015) ("Because the State's motion to dismiss winnows the claims for which Plaintiffs may seek a preliminary injunction, the court addresses that motion first."). In adjudicating a motion to dismiss, the court considers the allegations in the Amended Complaint, any exhibits attached thereto, and documents referenced therein or otherwise integral to the Amended Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (observing that in adjudicating a motion to dismiss "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (internal citations and quotation marks omitted). As applied to the case at bar, Plaintiff's parole conditions and the Wyoming County State Supreme Court's habeas decision are properly before the court.

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Plaintiff's Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The sufficiency of a complaint is evaluated using a "two-pronged approach[.]" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). First, the court discounts legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. Second, the court considers whether the factual allegations, taken as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. This second step is fact-bound and context specific, requiring the court "to draw on its judicial experience and common sense." *Id.* The court does not "weigh the evidence" nor "evaluate the likelihood" that a plaintiff's claims will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017).

## A.   The Allegations in Plaintiff's Amended Complaint.

In 1996, Plaintiff alleges he was convicted of the crimes of kidnapping-for-ransom, two counts of burglary in the first degree, and robbery in the first degree. The kidnapping allegedly arose in the context of a drug trade and had no sexual component, but because the kidnapping victim was under the age of seventeen, Plaintiff asserts he was automatically classified as a sex offender under SORA and required to register as a sex offender upon his release from prison.

In February 2017, prior to his release from prison, Plaintiff participated in a hearing before the New York State Supreme Court to determine what risk level he would be assigned under SORA. At that hearing, Plaintiff was designated a Level II offender. Plaintiff contends that the presiding judge did not have the option of refusing to designate him as a sex offender on the grounds that his crimes of conviction had no sexual component.

On March 28, 2017, Plaintiff was released on parole at which time he was subject to numerous parole conditions including the following special parole conditions related to his status as a sex offender:

- Plaintiff may not "act in any fiduciary capacity" without the permission of his parole officer. (Doc. 9-3 at 3, ¶ 15.)
- Plaintiff may not have a checking, savings, debit, or credit card account without the permission of his parole officer.
- Plaintiff is not permitted to operate a motor vehicle or apply for, renew, or possess a New York State driver's license without the permission of his parole officer.
- Plaintiff is required to turn in his driver's license upon his first office visit to his parole officer.
- Plaintiff is not permitted to frequent any establishment where alcohol is sold or served as its main business without the permission of his parole officer.
- Plaintiff is not permitted to rent, own, or possess a cellular phone, pager, caller ID or answering service without the permission of his parole officer. If given permission, the cellular phone must be the most basic style available and cannot be used to access the internet or to store or take photos, videos, or audio recordings.
- Plaintiff is required to notify his parole officer when he establishes a "significant relationship" and to inform the other consenting adult of his prior criminal offenses. (Doc. 9-3 at 6, ¶ 31.)
- Plaintiff is not permitted to have an email address or account or to rent or have access to a U.S. Post Office Box without the permission of his parole officer.
- Plaintiff is not permitted to purchase or possess a computer or another device that allows access to the internet, contains a camera, or plays DVDs without the permission of his parole officer. If he is permitted to possess DVDs, he may not possess more than ten.
- Plaintiff is not permitted to participate in or gain access to any online computer service or internet without the permission of his parole officer. He is not permitted under any circumstances to communicate in any way with chat line or dating lines.
- Plaintiff is not permitted to have any premium channels on any of the televisions that he has access to in his residence, including The Movie Channel, Showtime, Cinemax, and Home Box Office.

4

- Plaintiff is not permitted to be within 1,000 feet of places where any person under the age of 18 may congregate, including but not limited to: libraries, book stores, schools, colleges, playgrounds, parks, walking/jogging/bicycle paths, beaches, golf courses/miniature golf centers, picnic areas, boating/marina/fishing areas, child care centers, festivals, concerts, video arcades, community centers, art/craft galleries, paint ball/laser tag type centers, internet cafes, sports fields, snow skiing/sledding/tubing areas, malls, movie theaters, yard/garage/estate sales, professional/college/amateur sporting events/venues, or child oriented restaurants without prior approval from his parole officer. If given permission to visit a department store or grocery store, Plaintiff may not enter the child oriented areas therein.

- Plaintiff is not permitted to have direct or indirect contact with any person under the age of 18 without the permission of his parole officer.

- Plaintiff is not permitted to be employed in a capacity where he would be required to visit occupied dwellings or where he would have frequent contact with the public (ex. cashier).

- Plaintiff is required to maintain an accurate written log of his daily activities during the hours that he is permitted to leave his residence, including dates, times, and destinations, and must bring this log to each scheduled parole officer report.

At the time that the parole conditions were imposed, Plaintiff asserts that he informed his parole officer that his prior conduct had no sexual component. Thereafter, Plaintiff claims he filed a grievance related to his parole conditions with DOCCS, but "[t]he grievances went unanswered." (Doc. 4 at 6, ¶ 49.)

In November of 2019, Plaintiff was found "guilty of violating three conditions of his release on parole[,]"each of which relates to his status as a sex offender. *Id.* at 2, ¶ 12. Plaintiff was found to have not been in his approved residence between the hours of 7:00-8:00 a.m. on July 7, 2019, in violation of his curfew. Plaintiff was also found to be within 1,000 feet of a park where children congregate on that same date, and to have possessed a cell phone with internet access on August 2, 2019 without the permission of his parole officer.

Plaintiff's parole was subsequently revoked, he was sentenced to a term of imprisonment, and he is currently incarcerated. On or about March 6, 2020, Plaintiff filed

a petition for a writ of habeas corpus with the Wyoming County Supreme Court, seeking his immediate release to parole and an order striking the special parole conditions that might apply to him upon his release. By decision and order dated June 2, 2020, the Wyoming County Supreme Court denied the petition for the following reasons:

> [T]his Court agrees that the proper place to challenge the application of SORA to a kidnapping defendant is at the SORA hearing. SORA operates solely through the sex offender designation and risk level determination which are the result of the SORA hearing held pursuant to Correction Law §168-n. Until the hearing decision is made, SORA has no direct effect upon the defendant who stands convicted of a registerable sex offense. Therefore, a constitutional challenge to the application of SORA ought to be made to the SORA hearing Court, if it is to be made anywhere.
>
> [Plaintiff] received a SORA hearing in 2017, at which he contested the imposition of a level two risk level. Upon his appeal of the SORA hearing decision, it was affirmed. (Austin, supra). Although he evidently did not raise his constitutional claims at the hearing or on appeal, he certainly could have done so . . . To the extent that [Plaintiff] seeks a ruling in this proceeding that SORA does not apply to him – and an order striking the special parole conditions on that basis – he is asking this Court to nullify the SORA hearing Court's sex offender decision – a decision which has been affirmed by the Fourth Department. The Court declines to do so.
>
> . . .
>
> To the extent that [Plaintiff] seeks to challenge the parole revocation, the Court also finds that the petition must be denied because he commenced this proceeding without first exhausting his available administrative remedies. The Court notes that this deficiency is not cured by the belated perfecting of [Plaintiff]'s administrative appeal. "[T]he fact that petitioner may have ultimately perfected his administrative appeal does not absolve him of this requirement or validate this petition nunc pro tunc" (Matter of Whitehead v. Russi, 201 A.D.2d 825 [3rd Dept., 1994]).
>
> . . .
>
> Alternatively, the Court finds that the petition must be denied because [Plaintiff]'s claims are lacking in merit. With respect to the constitutional claims, the application of SORA to a kidnapping defendant is not constitutionally prohibited in the absence of evidence of a sexual component to the crime . . . and SORA has been held not to implicate the ex post facto clause (Doe v. Patacki, 120 F.3d 1263, 1285 [2nd Cir., 1997]). [Plaintiff] is lawfully held pursuant to his sentence following the revocation of his parole. He has not demonstrated that his parole was revoked in error

6

or that the special parole conditions to which he was subject were
improperly imposed.

(Doc. 11-1 at 4-5).

## B. Whether Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those arguments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has held that "[a] claim is barred under the doctrine when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court." *Graves v. Goodnow Flow Ass'n, Inc.*, 746 F. App'x 45, 47 (2d Cir. 2018). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Defendants argue that Plaintiff's claims are barred by *Rooker-Feldman* because they effectively challenge the Wyoming County Supreme Court's decision denying Plaintiff's petition for a writ of habeas corpus. At the time Plaintiff filed the instant action, he had already lost in state court and although he complains that the constitutional violations he alleges "were unaddressed" in the state court habeas proceeding, (Doc. 4 at 3), the Wyoming County Supreme Court's decision reveals that the judge found that Plaintiff's constitutional claims were not raised in the proper forum and were "lacking in merit." (Doc. 11-1 at 3.)

"[A] federal suit is not free from *Rooker-Feldman*'s bar simply because the suit proceeds on legal theories not addressed in state court." *Hoblock*, 422 F.3d at 87. On the other hand, "if a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached" then that claim is not barred by *Rooker-*

*Feldman. Exxon Mobil*, 544 U.S. at 293 (internal quotation marks and brackets omitted). "[T]he key to resolving this uncertainty lies in the second substantive *Rooker-Feldman* requirement" which addresses whether the Plaintiff's injuries were caused by the state court judgment. *Hoblock*, 422 F.3d at 87.

The crux of Plaintiff's claims allege an injury caused by his designation as a sex offender and the attending parole conditions. He does not claim to have been injured by the state court judgment. "The fact that the state court chose not to remedy the injury does not transform the subsequent suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state court judgment." *Id.* at 88 (footnote omitted).[2]

In other words, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed *prior* in time to the state-court proceedings, and so could not have been 'caused' by those proceedings." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007). Here, the injury of which Plaintiff complains, his designation as a sex offender and its related parole conditions, occurred prior to and independently of his state court habeas petition challenging that designation.[3] Accordingly, despite the fact that Plaintiff seeks a result in this court that is opposed to the one he received in his state court habeas petition, his claims are not barred by *Rooker-Feldman*. *See Hoblock*, 422 F.3d at 87 (holding that "a

---

[2] As the Second Circuit explained:

> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging injury based on the employer's discrimination.

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005).

[3] The *Rooker-Feldman* doctrine is a jurisdictional bar only. The subsequent federal suit may still be barred by ordinary preclusion principles. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005) (holding that "[i]f a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction, and state law determines whether the defendant prevails under preclusion principles").

8

plaintiff who seeks in federal court a result opposed to the one he achieved in state court does not, for that reason alone, run afoul of *Rooker-Feldman*").

### C. Whether Plaintiff's Claims are Barred by *Heck v. Humphrey*.

"When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This is because "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [§] 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Thus, a section 1983 claim cannot serve "as a collateral attack upon a prior conviction or sentence." *Webster v. Himmelbach*, 271 F. Supp. 3d 458, 464 (W.D.N.Y. 2017). "Courts have applied *Heck* to prevent a state prisoner from bringing a [s]ection 1983 action challenging a parole revocation unless that revocation decision is reversed or the underlying conviction is set aside." *Lee v. Donnaruma*, 63 F. App'x 39, 41 (2d Cir. 2003). The relevant inquiry "is whether a prisoner's victory in a § 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence[.]" *McKithen*, 481 F.3d at 102 (emphasis omitted).

Plaintiff admits that he is currently incarcerated because his parole was revoked based on violations of the special conditions that were imposed due to his status as a sex offender. He argues that because those conditions violate his constitutional rights, this court should enjoin their enforcement and order his immediate release from imprisonment. Under *Heck*, this constitutes a direct challenge to the validity of Plaintiff's confinement which cannot be brought under section 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (holding that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"); *Halsey v. Thompson*, 2017 WL 1532582, at *4 n.3 (E.D.N.Y. April 27, 2017) (holding that "[b]ecause [p]laintiff is incarcerated, to the extent he seeks release from prison, [p]laintiff

9

cannot utilize a section 1983 claim but must instead bring a petition for habeas corpus pursuant to 28 U.S.C. § 2254").

Even if Plaintiff's claims were confined to his request for compensatory damages, *Heck* would still apply because this "would necessarily imply the invalidity of his parole revocation, which–according to Plaintiff's own allegations–was based upon the violation of the special condition[s]" placed upon him due to his sex offender status. *Webster*, 271 F. Supp. 3d at 470; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that a section 1983 action is barred "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

Plaintiff's claims are therefore barred by *Heck* insofar as they challenge the validity of his parole revocation. *See Davis v. Cotov*, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) (holding that a plaintiff's suit was barred by *Heck* where plaintiff "remained incarcerated[,]" his claims "challenged the validity of the parole revocation procedures," and he had not shown that the revocation had been "reversed, expunged, or declared invalid"). Defendants' motion to dismiss Plaintiff's Amended Complaint to the extent it challenges his confinement and parole conditions is therefore GRANTED.

### D. Whether Plaintiff's Claims are Untimely.

"Claims alleging violations of federal constitutional rights brought pursuant to § 1983 are subject to the state's statute of limitations for personal injury torts in the state where the action arose, here, a three-year period of limitations." *Gordon v. Parole Officer Semrug*, 2016 WL 259579, at *3 (W.D.N.Y. Jan. 21, 2016) (citing *Wallace v. Kado*, 549 U.S. 384, 387 (2007)). For statute of limitations purposes, section 1983 actions accrue "from the time a plaintiff knows or has reason to know of the injury giving rise to the claim[.]" *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks and citations omitted). "[T]he proper focus is on the time of the [unlawful] act, not the point at which the consequences of the act become[] painful." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks, citation, and emphasis omitted).

10

"[W]here the alleged constitutional violation results in an improper restraint on a plaintiff's protected liberty interest, assuming [a p]laintiff has such an interest, . . . [the claim] accrues for purposes of the applicable three-year statute of limitations when the restraint is *initially imposed* . . . and not when a subsequent violation by a defendant, based on the same, initial unconstitutional conduct, occurs." *Webster*, 271 F. Supp. 3d at 467 (alterations in original).

Plaintiff's Amended Complaint alleges that he was adjudicated a Level II sex offender in February 2017; his original Complaint was filed on July 14, 2020. Claims relating to a plaintiff's designation as a sex offender accrue "when [the p]laintiff was informed of [the] decision to impose his [sex offender designation.]" *Gordon*, 2016 WL 259579, at *4; *see also Fowlkes v. Parker*, 2010 WL 5490739, at *9 (N.D.N.Y. Dec. 9, 2010) (holding that "any claim associated with [plaintiff's SORA] registration itself . . . would be untimely since plaintiff was plainly on notice" when he signed a sex offender registration form). Plaintiff was therefore on notice of his injury in February of 2017 but failed to assert a claim based thereon within the three year statute of limitations.

Assuming *arguendo* that Plaintiff was not on notice of his injuries at the time of his designation as a Level II sex offender, his claims remain untimely because Plaintiff admits in his Amended Complaint that on March 28, 2017 he was released on parole and assigned the special conditions of parole about which he now complains. Plaintiff signed each page of these special conditions of parole and allegedly informed Defendant Miller, his parole officer at the time, that "his prior conduct had nothing to do with sex." (Doc. 4 at 6, ¶ 48.) On that same date, Plaintiff knew the source of his present injuries and therefore failed to file his Complaint within the three-year statute of limitations. *See Webster*, 271 F. Supp. 3d at 466, 468 (finding that a plaintiff's section 1983 action was untimely where "[p]laintiff was informed of his [sex offender] status on or about the date of his initial release to [p]arole" and "knew or had reason to know of the purported constitutional violation because he immediately indicated to the parole officers that he believed this designation was made in violation of his due process rights" therefore "[p]laintiff's due process claims accrued for purposes of this § 1983 action on that date").

11

A continuing violation theory does not cure the untimeliness of Plaintiff's claims because "[t]he fact that the detrimental effects of [the] discrete decision [to designate plaintiff as a sex offender] may be continuing does not extend the statute of limitations indefinitely." *Munsch v. Evans*, 2012 WL 528135, at *13 (E.D.N.Y. Feb. 17, 2012). Plaintiff's argument that equitable tolling applies fares no better. Equitable tolling applies only in "rare and exceptional circumstances" where "extraordinary circumstances prevented a party from timely performing a required act, and that party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks, alterations, and citation omitted). Plaintiff makes no argument that exceptional circumstances prevented him from timely asserting his claims. In any event, "equitable tolling does not apply where plaintiff has commenced a timely state court action based upon the same facts as his federal claim." *Libbett v. Superintendent of Attica Corr. Facility*, 2013 WL 599568, at *1 (W.D.N.Y. Jan 14, 2013). Because Plaintiff did not commence this action until July 14, 2020, all claims relating to his designation as a sex offender under SORA and the attending special conditions of his parole are barred by the applicable three-year statute of limitations. Defendants' motion to dismiss is therefore GRANTED on this alternative basis as well.

### E.    Whether Plaintiff is Entitled to a Preliminary Injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)) (internal citation omitted). "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). "Because the violation of a constitutional right is the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury,

plaintiff must show a likelihood of success on the merits." *Turley v. Giuliani*, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000).

Plaintiff admits that he seeks a "mandatory" injunction, one that changes the "status quo," therefore he must shoulder a heightened burden of persuasion and demonstrate "'a clear or substantial likelihood of success on the merits.'" *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). Because Plaintiff's claims as currently framed are barred by both *Heck* and the applicable statute of limitations, he has not established a clear or substantial likelihood of success on the merits. For this reason, his request for injunctive relief must be DENIED.

### F. Whether to Grant Plaintiff Leave to Amend.

Pursuant to Fed. R. Civ. P. 15(a), courts "should freely give leave" to amend a complaint "when justice so requires." However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Plaintiff is hereby GRANTED leave to amend within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint (Doc. 10) is GRANTED and Plaintiff's motion for a preliminary injunction (Doc. 9) is DENIED.

SO ORDERED.

Dated this 15th day of December, 2020.

Christina Reiss, District Judge
United States District Court